## THOMSON et al. v. FAIRFIELD et al.

### (Supreme Court, General Term, First Department. January 13, 1893.)

**1. WHO MAY APPEAL—INTEREST IN ACTION.**

    After answer by F. and other defendants in an action, in the nature of an interpleader, to compel defendants to determine their respective rights to a certain fund, plaintiff, on affidavit that the issues joined involved the rights of F. against the other defendants, and that all defendants except F. would favor a motion for a reference, and that F. had been superseded by a receiver, who had been substituted as defendant, gave notice of motion for a reference of the issues, which was served on F., who appeared in opposition thereto. *Held*, where such motion was granted, and there was no order striking F. from the record as defendant, that the appointment of a receiver did not preclude F. from pursuing his right of appeal from the order.

**2. RECORD ON APPEAL.**

    The court on appeal will consider only the papers recited in the order appealed from.

Appeal from special term, New York county.

Action by Joseph Thomson, Peter M. Wilson, and Reuben W. Ross, as executors of the last will and testament of Reuben Ross, late of the city of New York, deceased, Charles E. Larned and Joseph Thomson, against Samuel E. Fairfield, Annie F. Darragh, Isabella F. Darragh, Edward A. Darragh, Eugene Fishel, as receiver of all the property of the said Annie F. Darragh, the Irving National Bank of the City of New York, and John R. Ferrier. From an order referring this action, together with all the issues therein, both as between the defendants and the plaintiffs, and between the defendants themselves, to a referee, defendant Samuel F. Fairfield appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

E. H. Moeran, (Wm. J. Leitch, of counsel,) for respondents Joseph Thomson and others.

J. Geo. Flammer, for respondents Eugene Fishel and Irving Nat. Bank.

Rufus P. Livermore, for respondent E. M. Welch.

Geo. Wilcox, for respondent Ferrier.

Chas. E. Noyes, for respondent A. F. Darragh.

VAN BRUNT, P. J. This action was brought against the appellant Fairfield and others for the purpose of determining the validity, priority, and extent of the claims of the respective defendants in certain judgments obtained in this court. The appellant Fairfield duly answered, as also certain other of the defendants. Thereupon the plaintiffs, upon an affidavit stating that the action was in the nature of a bill of interpleader, brought to compel the defendants to determine their respective rights, as between themselves, to a fund of upwards of $3,000 deposited by the plaintiffs with the clerk of this court to the credit of

this action; that issues had been joined in the action; and that, while there was no substantial dispute between the defendants and the plaintiffs, the trial of the cause would necessarily involve the rights of certain of the defendants upon the one side, and the appellant upon the other, and that difficult questions of law would not arise, and that all the parties except the defendant Fairfield would probably join in the application upon the return day of the motion for a reference; and that inasmuch as Fairfield had been superseded by one Welch, receiver, upon supplementary proceedings instituted upon a judgment recovered against him, which receiver had been substituted in the place of Fairfield as defendant, any objection in behalf of Fairfield, in view of the circumstances, would not address itself to the court with much force or weight,—gave notice of motion for a reference of the issues. Such notice of motion was duly served upon the defendant Fairfield, who appeared upon the return day of the motion, and opposed the application for a reference. Notwithstanding such opposition, the motion was granted, and from the order thereupon entered, referring the issues, in such case, this appeal is taken.

It is now objected that the appellant has no standing in court, because he had no interest in the action, and therefore has no standing to dispute the validity of the order of reference. Whatever might have been said as to this proposition, had the facts been different, I am of the opinion that, having thought it necessary to serve their notice of motion upon Fairfield, having considered him as a party to the action, and he having appeared and opposed the motion, there seems to be no reason now why he should be shut out from the rights which it is admitted, upon the part of the plaintiff, that he had. It is by no means certain that, because of the appointment of a receiver of Fairfield's property, he had lost all interest in the result of this action. He was largely interested in seeing that his claim against the fund, which formed the subject-matter of this action, was properly prosecuted, in order that it might realize as large a sum as possible for his creditors. There was no order striking him from the record, and, as already stated, he was treated as a party; and, having been called in by the plaintiffs, they certainly cannot complain if the appellant pursues his legal rights. Very much of the respondents' argument is taken up with a statement of points arising from assumed facts, not one of which appears upon the record, which is the only source of information in regard to the legal status of the parties that the court can take cognizance of. It seems to be clear that the action is not referable, as a matter of right, and therefore the appellant, Fairfield, has a right to a reversal of the order.

The order should be reversed, with $10 costs and disbursements.

BARRETT, J., (concurring.) We can only consider the papers recited in the order appealed from. The affidavit of Mr. Murphy, which has been inserted in the appeal book, was verified after the notice of appeal was served, and it has no proper place in the record. This observation applies equally to the order of April 18, 1892, substituting Fairfield,

receiver, and in joining Fairfield. This order is not recited in the order appealed from, and it cannot properly be considered. Upon the papers recited in the order appealed from, and upon those only, the motion opposed by Fairfield should have been denied. Accordingly, I concur in the reversal.

O'BRIEN, J., concurs.